STATE OF NORTH CAROLINA v. JOHNNY WARD,
ALIAS JOHNNY SPARROW

No. 713SC502

(Filed 4 August 1971)

**Larceny § 7— automobile larceny — recent possession**

The State's evidence was sufficient for submission to the jury under the doctrine of recent possession in this prosecution on an indictment charging larceny of an automobile and temporary larceny of an automobile.

APPEAL by defendant from *Rouse, Judge,* 10 May 1971 Session of Superior Court held in CRAVEN County.

Defendant was charged in an indictment with larceny of a motor vehicle, receiving a motor vehicle knowing the same to have been stolen, and unlawful taking of a vehicle.

The State's evidence tended to show the following. The automobile in question, a 1967 model Oldsmobile belonging to Charles F. Bolden, Jr., was stolen from in front of the Psychedelic Shack in the city of New Bern, North Carolina, at sometime between the hours of 12:30 a.m. and 3:30 a.m. on 14 November 1970. About 7:00 a.m. on the same date, the automobile was found in a ditch in the town of Bridgeton, North Carolina, a short distance from New Bern. As the automobile was being towed from the ditch, the defendant arrived in a truck and informed Mr. Joseph Hamilton, the Chief of Police of Bridgeton, that it was his car and that he had been driving.

Defendant offered no evidence. From a verdict of guilty of unlawful taking of a vehicle, and judgment entered thereupon, defendant appealed to this Court.

*Attorney General Morgan, by Staff Attorney Giles, for the State.*

*John H. Harmon for defendant-appellant.*

BROCK, Judge.

Defendant assigns as error the denial of his motion for judgment of nonsuit, and the portion of the Court's charge to the jury relating to the doctrine of recent possession. Viewing the evidence in the light most favorable to the State, as we must upon a motion for nonsuit, we think that the evidence

was sufficient to carry the case to the jury under the doctrine of recent possession. The portion of the charge to which defendant excepts was a correct statement of the law.

No error.

Judges VAUGHN and GRAHAM concur.